UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | 2:14CR 111 |
| KEVIN FORD ) | |
| MERCEDES HATCHER ) | 18 U.S.C. § 1349 |
| CORTEZ STEVENS ) | 18 U.S.C. § 1344 |
| STEPHEN GARNER ) | 18 U.S.C. § 1956(a)(1)(B)(i) |
| BRITTANY SIMS ) | 18 U.S.C. § 2 |
| MIKCALE SMALLEY AKA MIKCALE SMALLY ) | |

**INDICTMENT**

COUNT 1
(CONSPIRACY TO COMMIT BANK FRAUD)

THE GRAND JURY CHARGES:

1. At all times material to this indictment, Chase Bank, Bank of America, U.S. Bank and Citibank, were financial institutions with branches in Illinois, Indiana and elsewhere, whose deposits were insured by the Federal Deposit Insurance Corporation.

2. Beginning in or about August 2011 and continuing through approximately September 2013, in the Northern District of Indiana and elsewhere, the defendants,

**KEVIN FORD, MERCEDES HATCHER, CORTEZ STEVENS,
STEPHEN GARNER, BRITTANY SIMS, and MIKCALE SMALLEY
AKA MIKCALE SMALLY**

did knowingly, combine, conspire and agree with each other and with others known and unknown to the Grand Jury to defraud financial institutions and to obtain money owned by and under the custody and control of financial institutions by means of materially false and

1

fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344.

## MANNER AND MEANS OF THE CONSPRIACY

3. It was part of the conspiracy that the defendants and their co-conspirators would and did recruit people through social media such as Facebook, to give up their debit cards and corresponding PIN numbers for bank accounts at Chase Bank, Bank of America, U.S. Bank and Citibank in exchange for the promise of a cash payment.

4. It was further part of the conspiracy that defendants would and did manufacture or otherwise obtain one or more counterfeit checks to deposit into Chase Bank, Bank of America, U.S. Bank and Citibank bank accounts which then fraudulently inflated those bank account balances.

5. It was further part of the conspiracy that defendants would and did deposit those counterfeit checks into recruits' bank accounts via ATMs using the recruits' debit cards and PINs.

6. It was further part of the conspiracy that defendants and their co-conspirators would and did withdraw and attempt to withdraw the fraudulent deposits from recruits' bank accounts by using the recruits' debit cards and PINs at "Point of Sale" money order purchase terminals in retail stores, and through ATMs.

7. As a result of the conspiracy, defendants and their co-conspirators fraudulently obtained more than $100,000.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
## (BANK FRAUD)

THE GRAND JURY FURTHER CHARGES:

1. The allegations in paragraph 1 of Count 1 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

2. Beginning in or about August 2011 and continuing through approximately September 2013, in the Northern District of Indiana and elsewhere, the defendants,

**BRITTANY SIMS and
STEPHEN GARNER**

and others known and unknown to the grand jury, knowingly participated in a scheme to defraud a financial institution and to obtain money owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises which scheme is further described in the following paragraphs.

3. It was part of the scheme to defraud that defendants obtained counterfeit checks that were then presented to financial institutions.

4. It was part of the scheme to defraud that the counterfeit checks defendants deposited into various third party bank accounts fraudulently inflated those bank account balances.

5. It was part of the scheme to defraud that defendants obtained debit cards and corresponding PINs belonging to third parties which enabled them to deposit the counterfeit checks into accounts held at various financial institutions.

6. It was part of the scheme to defraud that defendants collected and kept money from financial institutions by subsequently making withdrawals from the bank accounts belonging to third parties, using debit cards and PINS at Automated Teller Machines.

7. It was part of the scheme to defraud that defendants collected and kept money from financial institutions by subsequently using "Point of Sale" purchase terminals at retail stores to effectuate withdrawals of cash from third party bank accounts to which they had access.

8. It was further part of the scheme that defendants' actions exposed the financial institution to a risk of loss, and caused actual losses to the financial institutions.

9. On or about August 4, 2011, in the Northern District of Indiana and elsewhere, the defendants,

**BRITTANY SIMS and
STEPHEN GARNER**

knowingly executed the above-described scheme by making a withdrawal of $1501.65 from the Chase Bank account of DS, account ***867.

All in violation of Title 18, United States Code, Section 1344.

## COUNT 3
## (BANK FRAUD)

THE GRAND JURY FURTHER CHARGES:

1. The allegations in paragraph 1 of Count 1 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

2. Beginning in or about August 2011 and continuing through approximately September 2013 in the Northern District of Indiana and elsewhere, the defendants,

**KEVIN FORD and
MERCEDES HATCHER**

and others known and unknown to the grand jury, did knowingly participate in a scheme to defraud a financial institution by means of materially false and fraudulent pretenses, representations, and promises which scheme is further described in the following paragraphs.

3. Paragraphs 3 through 8 of Count 2 are incorporated herein.

9. On or about August 6, 2011, in the Northern District of Indiana and elsewhere, the defendants,

**KEVIN FORD and
MERCEDES HATCHER**

knowingly executed the above-described scheme by making a withdrawal of $1,501.65 from the Chase Bank account of YH, account number ***488.

All in violation of Title 18, United States Code, Section 1344.

## COUNT 4
## (BANK FRAUD)

THE GRAND JURY FURTHER CHARGES:

1. The allegations in paragraph 1 of Count 1 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

2. Beginning in or about August 2011 and continuing through approximately September 2013 in the Northern District of Indiana and elsewhere, the defendants,

**STEPHEN GARNER and
MIKCALE SMALLEY**

and others known and unknown to the grand jury, did knowingly participate in a scheme to defraud a financial institution by means of materially false and fraudulent pretenses, representations and promises which scheme is further described in the following paragraphs.

3. Paragraphs 3 through 8 of Count 2 are incorporated herein.

9. On or about August 30, 2011, in the Northern District of Indiana,

**STEPHEN GARNER and MIKCALE SMALLEY,**

defendants herein, knowingly executed the above-described scheme by making a withdrawal of $500.55 from the U.S. Bank account of LM, account number ***581.

All in violation of Title 18, United States Code, Section 1344.

## COUNT 5
## (BANK FRAUD)

THE GRAND JURY FURTHER CHARGES:

1. The allegations in paragraph 1 of Count 1 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

2. Beginning in or about August 2011 and continuing through approximately September 2013 in the Northern District of Indiana and elsewhere, the defendants,

**CORTEZ STEVENS**

and others known and unknown to the grand jury, knowingly participated in a scheme to defraud a financial institution and to obtain money owned by and under the control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises which scheme is further described in the following paragraphs.

3. Paragraphs 3 through 8 of Count 2 are incorporated herein.

9. On or about February 23, 2012, in the Northern District of Indiana, and elsewhere, the defendant

**CORTEZ STEVENS**

knowingly executed the above-described scheme by making a withdrawal of $2,002.40 from the Citibank account of AH, account number ***419.

All in violation of Title 18, United States Code, Section 1344.

## COUNT 6
## (MONEY LAUNDERING CONCEALMENT)

THE GRAND JURY FURTHER CHARGES:

On or about the below listed date, in the Northern District of Indiana, the defendants,

**KEVIN FORD and**
**MERCEDES HATCHER**

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity.

| AMOUNT | TRANSACTION |
| --- | --- |
| $1,501.65 | August 6, 2011, money orders purchased at a point of sale terminal with YH's debit card (account # 488) |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 7
## (MONEY LAUNDERING CONCEALMENT)

THE GRAND JURY FURTHER CHARGES:

On or about the below listed date, in the Northern District of Indiana, the defendant,

**KEVIN FORD**

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity.

| AMOUNT | TRANSACTION |
| --- | --- |
| $2,002.20 | August 8, 2011, money orders purchased at a point of sale terminal with DG's debit card (account # 997) |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 8
## (MONEY LAUNDERING CONCEALMENT)

THE GRAND JURY FURTHER CHARGES:

On or about the below listed date, in the Northern District of Indiana, the defendant,

**BRITTANY SIMS**

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity.

| AMOUNT | TRANSACTION |
|---|---|
| $1,501.65 | August 4, 2011, money orders purchased at a point of sale terminal with DS's debit card (account # 867); |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 9
## (MONEY LAUNDERING CONCEALMENT)

THE GRAND JURY FURTHER CHARGES:

On or about the below listed date, in the Northern District of Indiana, the defendant,

**STEPHEN GARNER**

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity.

| AMOUNT | TRANSACTION |
|---|---|
| $1501.65 | August 13, 2011, money orders purchased at a point of sale terminal with LB's debit card (account # 123); |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 10
## (MONEY LAUNDERING CONCEALMENT)

THE GRAND JURY FURTHER CHARGES:

On or about the below listed date, in the Northern District of Indiana, the defendants,

**STEPHEN GARNER and
MIKCALE SMALLEY**

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity.

| AMOUNT | TRANSACTION |
|---|---|
| $500.55 | August 30, 2011, money order purchased at a point of sale terminal with LM's debit card (account # 581); |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 11
## (MONEY LAUNDERING CONCEALMENT)

THE GRAND JURY FURTHER CHARGES:

On or about the below listed date, in the Northern District of Indiana, the defendant,

## CORTEZ STEVENS

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity.

| AMOUNT | TRANSACTION |
|---|---|
| $2,002.40 | February 23, 2012, money orders purchased at a point of sale terminal with AH's debit card (account # 419); |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 12
## (MONEY LAUNDERING CONCEALMENT)

THE GRAND JURY FURTHER CHARGES:

On or about the below listed date, in the Northern District of Indiana, the defendant,

## KEVIN FORD

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity.

| AMOUNT | TRANSACTION |
|---|---|
| $2,002.40 | February 23, 2012, money orders purchased at a point of sale terminal with RB's debit card (account # 420); |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 5 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1349 and 1344 set forth in Counts 1 through 5 of this Indictment, the defendants, **KEVIN FORD, MERCEDES HATCHER, CORTEZ STEVENS, STEPHEN GARNER, BRITTANY SIMS and MIKCALE SMALLEY**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

3. If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c)

All pursuant to 18 United States Code, Section 982(a)(2)(A) and 28 United States Code, Section 2461(c).

A TRUE BILL:

<u>S/FOREPERSON</u>
FOREPERSON

DAVID CAPP
UNITED STATES ATTORNEY

By: <u>S/Diane L. Berkowitz</u>
    Diane L. Berkowitz
    Assistant United States Attorney