UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:14 CR 111 |
| | ) |
| | ) |
| KEVIN FORD | ) |

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Assistant United States Attorney Diane L. Berkowitz, the defendant, Kevin Ford, and Scott King, attorney for the defendant, and shows the Court they have entered into a plea agreement as follows:

1. I, Kevin Ford, have the ability to read, write and speak the English language.

2. I have received a copy of the Indictment and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters.   My lawyer has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights.   The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

      a.    If I persisted in a plea of not guilty to the charge against me, I would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by the judge sitting without a jury.   I have the right to a jury trial.   However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

      b.    If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

      c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

      d.    At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me.   I would be able to confront those government witnesses and my attorney would be able to cross-examine them.   In turn, I could present witnesses and other evidence in my own behalf.   If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

      e.    At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify.   If I desired to do so, I could testify in my own behalf.

      f.    At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

      g.    In the event that I should be found guilty of the charge(s) against me, I would have the right to appeal my conviction on such charge(s) to a higher court.

6.    I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense

level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood and acceptance of responsibility as well as possible departures from the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from my counsel and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

   a. I will plead guilty to Count 1 of the Indictment, charging me with knowingly and willfully conspiring to commit bank fraud, in violation of Title 18, United States Code, Section 1349 because I am, in fact, guilty of the offense charged in Count 1 of the Indictment.

   b. I understand that the maximum possible penalty that may be imposed upon me for my conviction of the offense charged in Count 1 is a term of imprisonment, if any, not to exceed 30 years, a fine not to exceed $1,000,000, or a combination of both imprisonment and a fine. Further, I understand that if the Court imposes a term of imprisonment on Count 1, then in addition to the sentence imposed upon me for my conviction, the Court must impose a term of supervised release of at least 2 years but not more than 5 years; plus a special assessment of $100 in addition to any other penalty imposed. The $100 special assessment is due and payable prior to my sentencing hearing;

   c. The United States of America and I have also entered into the following agreements which are not binding upon the Court, and I understand that if the Court does not follow these agreements I will not be allowed to withdraw my guilty plea:

      i. In recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two level and, if eligible, an additional one level reduction in offense level; the United States of America and I further agree that I have assisted the authorities in the

3

    prosecution of my own misconduct by timely notifying the United States Attorney's office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level; however, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility; should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility; I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility;

d.  In exchange for my guilty plea, the government agrees to move to dismiss Counts 3,6,7 and 12 of the Indictment and the forfeiture allegation, at the time of sentencing.

e.  As part of this agreement, I agree to pay $141,919.37 restitution (this amount reflects payments made to Citibank following the administrative forfeiture of a 2006 Maserati owned by me and a 2004 Audi owned by a co-defendant, less the expenses associated with storage and towing) to the victims of my offense in the following amounts:

    Bank of America: $2,024.15
    Chase: $18,565.95
    Citibank: $119,790.12
    US Bank: $1,539.15

f.  I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel,

including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of the offense charged in Count 1 of the Indictment, to which I have agreed to plead guilty. I acknowledge that among other things I did to make the conspiracy successful was to work with other people named in the indictment to create phony checks which we then deposited into one or more of the banks identified in Count 1. I admit that my co-conspirators and I shared routing and account numbers for purposes of creating the phony checks. I further admit to both allowing co-conspirators to use my car to travel to ATM machines where we would deposit the phony checks into bank accounts and to driving the co-conspirators myself to make deposits and withdrawals on the phony checks. I further acknowledge that the conspiracy set out in Count 1 of the indictment resulted in approximately $237,201.47 in attempted fraudulent withdrawals.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of **all** the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) The United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I

may have committed.

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

                                                                         _s/Kevin Ford_  
                                                                         Kevin Ford  
                                                                         Defendant

                                                                         _s/Scott King_  
                                                                         Scott King  
                                                                         Attorney for Defendant

APPROVED:  
       DAVID CAPP,  
       United States Attorney


By:    _s/Diane L. Berkowitz_  
        Diane L. Berkowitz  
        Assistant United States Attorney