**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff,** | **CASE NUMBER: 2:14CR111-001** |
| | **USM Number: 13838-027** |
| **vs.** | |
| **KEVIN FORD** | **SCOTT L KING** |
| | **DEFENDANT'S ATTORNEY** |
| **Defendant.** | |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count 1 of the Indictment on February 19, 2016.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:1349 CONSPIRACY TO COMMIT BANK FRAUD AND FORFEITURE ALLEGATION | September 2013 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) 3, 6, 7 and 12 of the Indictment are DISMISSED on the motion of the United States as to this defendant only.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

August 23, 2016
_____
Date of Imposition of Judgment

s/ Philip P. Simon
_____
Signature of Judge

Philip P. Simon, Chief United States District Judge
_____
Name and Title of Judge

September 1, 2016
_____
Date

Case Number: 2:14CR111-001
Defendant: KEVIN FORD                                                                                                    Page 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **33 months.**

The Court makes the following recommendations to the Bureau of Prisons:

     That the defendant be incarcerated in a low security federal facility as close to Chicago, Illinois as possible.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before **2:00 P.M.** on **September 23, 2016**. If the institution is not designated by that date then the defendant shall report to the office of the U.S. Marshal in Hammond, Indiana on that same date and time.

# RETURN

I have executed this judgment as follows:

     Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

The defendant is placed on Supervised Release for a term of one (1) year.

Within 72 hours after the defendant's release from the custody of the Bureau of Prisons, the defendant shall report in person to the nearest United States Probation Officer for this district between the hours of 8:00 a.m. and 4:30 p.m. While the defendant is on supervision pursuant to this judgment, the defendant shall comply with the following conditions:

## MANDATORY CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following mandatory conditions:

1.    Defendant shall not commit another federal, state or local crime.

2.    Defendant shall not unlawfully use, possess, or distribute a controlled substance.

3.    The mandatory drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

4.    Defendant shall cooperate in the collection of DNA as directed by the probation officer.

## DISCRETIONARY CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following discretionary conditions:

1.    The defendant shall not knowingly leave the judicial district without the permission of the court or probation officer.

2.    The defendant shall report to the probation officer in the manner and as frequently as directed by the court or probation officer.

3.    The defendant shall not answer falsely any inquiries by the probation officer and shall follow the instructions of the probation officer as they relate to the conditions as imposed by the court. However, the defendant may refuse to answer any question if the defendant believes that a truthful answer may incriminate him.

4.    The defendant shall make reasonable effort to maintain employment at a lawful occupation unless he is excused by the probation officer for schooling, training, or other acceptable reasons such as child care, elder care, disability, age or serious health condition.  The defendant's performance as a music artist will be considered an approved employment under the terms of this condition.

5.    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.  In the event that a defendant is involuntarily terminated from

employment or evicted from a residence, the offender must notify the Probation Officer within forty-eight (48) hours.

6.  The defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be engaged or planning to be engaged in criminal activity.

7.  The defendant shall permit a probation officer to visit him at any time at home or any other reasonable location between the hours of 8:00 a.m. and 10:00 p.m. and shall permit confiscation of any contraband observed in plain view by the probation officer.

8.  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

9.  The defendant shall notify the probation officer of any material change in his economic circumstances that might affect his ability to pay any unpaid amount of restitution.

10.  The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

11.  The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the defendant is in compliance with the installment payment schedule imposed for payment of restitution.

12.  The defendant shall provide a probation officer with specific financial information regarding the defendant's ability to pay restitution upon written or oral request by the probation officer made to and approved by the Court.  The request must be prompted by a defendant's failure to comply with the payment schedule ordered for a period of 60 consecutive days and the request must describe the specific financial information needed for determining the defendant's current ability to pay.

13.  The defendant shall pay restitution to the Clerk's Office at 5400 Federal Plaza, Hammond, Indiana.  It is due immediately to be disbursed to the victims. The defendant shall commence restitution payment in the manner and the schedule as determined by the Court. The imposed payment schedule will remain in effect until such time as the Court is notified that the defendant, victim or government, by the defendant, victim or government that there has been a material change in his ability to pay.  Restitution shall be paid at a minimum rate of $400.00 per month commencing 30 days after placement on supervision until the amount is paid in full. It is ordered that restitution shall be joint and several with the co-defendants in this case, Mercedes Hatcher, Cortez Stevens, Stephen Garner, Brittany Sims and Mikcale Smalley.

Case Number: 2:14CR111-001
Defendant: KEVIN FORD

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | NONE | $141,919.37 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $141,919.37 is hereby imposed.  Restitution shall be paid at a minimum rate of $400.00 per month commencing 30 days after placement on supervision until the amount is paid in full.  The restitution shall be joint and several with all co-defendants in this case, Mercedes Hatcher, Cortez Stevens, Stephen Garner, Brittany Sims and Mikcale Smalley.

The defendant shall make restitution payments, payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320, for the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| BANK OF AMERICA | 2,024.15 |
| CHASE | 18,565.95 |
| CITIBANK | 119,790.12 |
| U.S. BANK | 1,539.15 |
| **Totals** | $141,919.37 |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18,United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case Number: 2:14CR111-001
Defendant: KEVIN FORD                                                                              Page 6 of 6

Name:<u>KEVIN FORD</u>
Docket No.:<u>2:14CR111-001</u>

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein.  These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____
Defendant                                                                        Date


_____     _____
U.S. Probation Officer/Designated Witness                     Date